# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BILLY STEFFEY,<br><br>Defendant. | 2:12-cr-00083-APG-GWF<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE AND GRANTING MOTION TO DISMISS**<br><br>(ECF Nos. 421, 434) |

Defendant Billy Steffey believes his attorney botched his case (although he does not explain how). He moves to vacate his sentence under 28 U.S.C. § 2255.

Steffey's motion is meritless because he provides no facts to support any of his arguments. He provides only vague legal contentions, such as that his attorney "did not explore all avenues" of his case. Without any facts to support his arguments, it is impossible to afford Steffey any relief. But even if he has provided some bases for his claims, he waited too long to challenge his sentence. Steffey is time-barred under § 2255 from challenging his sentence. I thus deny his motion and grant the government's motion to dismiss.

## Discussion

### A. Background

Steffey pleaded guilty to participating in a massive credit card racketeering scheme[1] and was sentenced on August 7, 2014.[2] He did not appeal. There was a discrepancy between the amount of restitution in Steffey's judgment and the amount that he had agreed to. So I entered an amended judgment with the proper amount of restitution in April 2015.[3]

---

[1] ECF No. 249.

[2] ECF No. 309. Steffey's judgment was entered the next day. ECF No. 311.

[3] ECF No. 378.

Well over a year after his original judgment, on April 15, 2016, Steffey filed his motion to vacate under § 2255.[4] The government, in turn, moved to dismiss because Steffey waited too long to challenge his sentence.[5]

**B. Steffey's motion to vacate fails.**

Steffey's motion to vacate first fails because he provides no factual basis for any of his arguments. His motion is a collection of conclusory legal arguments reiterating that his attorney was ineffective, but without any fact explaining how. This would be enough to deny his motion.[6]

But Steffey's motion is also barred because it is untimely. He failed to challenge his sentence within one year of the expiration of the deadline to file his appeal, as required by 28 U.S.C. § 2255.[7] After a defendant exhausts his direct appeal, his ability to challenge his sentence is severely limited. Among other things, § 2255 required that Steffey challenge his sentence within one year from the date that his time to file a direct appeal expired.[8] Steffey's deadline to file his direct appeal expired in 2014.[9] Because he filed his challenge in 2016, his motion is untimely.

---

[4] ECF No. 421.

[5] ECF No. 434.

[6] *Bucio v. United States*, 2008 WL 783299, at *2 (E.D. Cal. Mar. 20, 2008).

[7] Steffey also appears to be foreclosed from challenging his sentence because he signed a plea agreement waiving his rights to bring this appeal—and courts enforce waivers in pleas like this. *United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993).

[8] *See United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (citing Fed. R. App. P. 4); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

[9] ECF No. 976; *see also* Fed R. App. Proc. 4(b).

Steffey contends that his deadline should be tolled for two reasons: (1) some other things happened in this case after his original judgment, which should delay the deadline, and (2) he was diligent in filing his motion but was prevented from doing so by outside circumstances.

Steffey's first argument fails because nothing that happened in this case is a valid basis for tolling § 2255's filing deadline. Although a minor adjustment was made to the restitution amount in his judgment, the Ninth Circuit has made clear that this does not toll the deadline. In *U.S. v. Gilbert*, the Ninth Circuit explained that because defendants can challenge only their *conviction* under § 2255—not the amount of restitution they must pay—"it would make no sense to let [defendants] restart the statute of limitations under § 2255 from an amended judgment that addressed only the specific amount of restitution."[10]

Nor has Steffey shown that he was diligent in filing his motion to vacate and that some extreme circumstance preventing him from doing so. I may equitably toll § 2255's one-year deadline if (1) Steffey has "been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from filing his motion on time.[11] "[T]he threshold necessary to trigger equitable tolling . . . is very high."[12] "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."[13]

---

[10] *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015). Steffey also filed a motion to amend his Presentence Investigation Report, but this is not a basis to toll the deadline either. Steffey's other cases addressed situations where a prior judgment was vacated, not cases like this one where only a minor adjustment to restitution was made. *See, e.g., United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000).

[11] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[12] *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).

[13] *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Steffey has shown neither that he was diligent in pursuing his rights or that some extraordinary impediment prevented him from filing his motion. Although Steffey asked for an attorney to help him with his § 2255 filing, he has no right to counsel at this stage and he was able to file other motions with the court—so this would not explain why he did not file his § 2255 motion earlier. Steffey claims to have been housed in a "special housing unit," but he does not explain how this prevented him from filing his motion. Indeed, Steffey was able to file other letters with the court during this same period, so there was apparently no bar to him filing his § 2255 motion had he chosen to do so. I thus dismiss Steffey's motion to vacate.

### C. I decline to grant Steffey a certificate of appealability.

To appeal this order, Steffey must receive a certificate of appealability from a circuit or district judge.[14] To obtain this certificate, Steffey "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[15] Given the authority holding that Steffey is barred from bringing his challenges, I deny his request for a certificate of appealability.

### Conclusion

IT IS THEREFORE ORDERED that Steffey's motion to vacate **(ECF No. 421)** is **DENIED**.

---

[14] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[15] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

IT IS FURTHER ORDERED that Steffey's request for a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the government's motion to dismiss **(ECF. No. 434) is GRANTED.**

DATED this 7th day of July, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE