# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff

v.

BILLY STEFFEY,

    Defendant

Case No.: 2:12-cr-0083-APG-GWF

**Order Granting Motion to Modify Condition of Supervised Release**

[ECF No. 507]

Defendant Billy Steffey filed a motion asking me to remove from his Judgment special condition of supervision #8, which restricts his ability to use computers. ECF No. 507. Special condition 8 provides:

> 8. Computer Prohibition - You shall not possess or use a computer with access to any online computer service at any location, including employment, without the prior written approval of the probation officer. This includes any internet service provider, bulletin board, or any public or private computer network.

ECF No. 510 at 5. Steffey complains that this restriction severely and unnecessarily restricts his ability to live in modern society, as he is prohibited from paying bills on-line, reading news, watching movies, responding to emails, and helping his son with homework. ECF No. 507 at 1.

Courts are entitled to impose severe, even total, prohibitions on access to computers and the internet in narrow circumstances.

> Precisely because access to the Internet has become so vital, courts have upheld conditions prohibiting all use of the Internet only in limited circumstances. Thus far, such conditions have been permitted in one of two scenarios: when use of the Internet was "essential" or "integral" to the offense of conviction, or when the Internet played no role in the offense of conviction but the defendant had a history of using the Internet to commit other offenses.

*United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016) (citations omitted).

Although Steffey contends he "was never accused of computer crimes such as hacking or intrution (sic)," this ignores the real nature of his crimes. Steffey admitted that he became a member of Carder.su, a sophisticated criminal organization that used the internet to traffic in counterfeit identification documents and access devices. ECF No. 249 at 7-8. Steffey used the internet to purchase numerous unauthorized access devices and counterfeit identification devices. *Id.* at 8-13. He then used those items to make fraudulent purchases with his co-conspirators. Thus, "use of the Internet was 'essential' or 'integral' to the offense of conviction," warranting a significant restriction on Steffey's future computer use and internet access. *LaCoste*, 821 F.3d at 1191.

Steffey was a leader of a small cell within the larger conspiracy of the Carder.su organization. Carder.su caused over $50,000,000 in financial losses to the major credit card companies and issuing banks and facilitated the theft of personal information, identifiers, and sense of privacy from the numerous victims of identity theft. Given the vastness of the Carder.su organization, the pattern of prolific criminal activity committed by its international membership in furtherance of the enterprise—most of which was completed only with the use of computers and or other electronic devices—the fact that such crimes can be easily committed again, and Steffey's role in the scheme, the monitoring of Steffey's computer devices is warranted and necessary. Monitoring his computer activity should help decrease the opportunities for future crime and allow the probation officer to keep informed of Steffey's conduct.

However, the computer restrictions at issue here are overly broad. Rather than delete special condition #8, I will modify it to say as follows:

> **Computer Search** – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any

computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

This condition does not prohibit use of or access to computers or the internet. Rather, it aims to guide Steffey to a successful reintegration into the community, allow him the greatest opportunity and tools so as not to reoffend, and enable the supervising officer key insight into his behavior, associations, and relationships. This restriction is among the least restrictive measures available to complement and ensure compliance with the other imposed conditions.

IT IS THEREFORE ORDERED that defendant Steffey's motion to remove special condition #8 **(ECF No. 507) is GRANTED IN PART.** Special condition #8 is revised as set forth above. An Amended Judgment containing this condition will be entered separately.

Dated this 18th day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE