# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BILLY STEFFEY,<br><br>Defendant | Case No.: 2:12-cr-0083-APG-GWF<br><br>**Order Denying Motion to Modify Condition of Supervised Release**<br><br>[ECF No. 516] |

Defendant Billy Steffey filed a motion asking me to remove from his Amended Judgment special condition of supervision #5, which states:

> 5. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

ECF No. 512 at 5. Mr. Steffey complains that this condition unnecessarily restricts his ability to make his "own, adult decisions regarding [his] own credit health." ECF No. 516 at 1.

This debt oversight condition is an important tool. The supervising probation officer is tasked with ensuring Mr. Steffey is being responsible with all earned income. This includes paying for necessary living expenses and restitution and penalties I ordered. The condition also allows the probation officer to provide guidance on financial decisions, to help the defendant avoid a path that may have caused him to make poor financials choices, which possibly lead him to committing the instant offense.

This condition does not prohibit Mr. Steffey from doing the things he contends he would be deprived of (e.g., opening bank accounts and lines of credit). The condition simply requires him to obtain the permission and advice of the probation officer prior to doing so, which allows

open communication between the supervising officer and Mr. Steffey. The probation officers are not blind to unexpected expenses and adjustments to one's financial needs. And if Mr. Steffey believes the probation officer is being unduly conservative, he can petition the court to remove the restriction based on actual examples.

This condition does not impose on Mr. Steffey a greater-than-necessary deprivation. Rather, it holds Mr. Steffey accountable to court-ordered obligations, which is the supervising officer's responsibility to ensure.

IT IS THEREFORE ORDERED that defendant Steffey's motion to remove special condition #5 **(ECF No. 516) is DENIED.**

Dated this 6th day of December, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE