UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>BILLY STEFFEY,<br><br>    Defendant | Case No.: 2:12-cr-0083-APG-GWF<br><br>**Order Granting Motion for Compassionate Release**<br><br>[ECF No. 534] |

    Defendant Billy Steffey is serving the last few months of his custodial term on home detention, in the house he shares with his wife and young son.  During this time, he discovered that his wife had an affair while he was in prison.  To avoid a volatile situation and potential domestic violence, Steffey requested and was granted permission to move in with his father.  Subsequently, he and his wife reconciled, and he now wishes to move back into his home for the last 60 days of his custodial sentence.[1]  Steffey has requested the Bureau of Prisons (BoP) permit that transfer, but the BoP has declined. ECF No. 534 at 1.  Steffey now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *Id.*  The United States opposes on the grounds that Steffey has not filed a formal request for compassionate release with a warden as required under the statute. ECF No. 537.

    Steffey has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).  Because he is on home detention, there is no warden for him to apply to.  He has submitted a request to the appropriate Bureau of Prisons representative, who has denied or ignored his request.  Thus, there is no procedural impediment to his request.

---

[1] The probation office has already approved him living in the home with his wife during supervised release.

I can grant compassionate release if it is supported by the factors in 18 U.S.C. § 3553(a), "extraordinary and compelling reasons warrant" a reduction in the sentence, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Steffey pleaded guilty to three felonies involving counterfeit identification devices and credit cards and was sentenced to 108 months in custody plus three years of supervised release. ECF No. 512. He has approximately 60 days remaining on his custodial sentence, which he is serving on home detention. While in custody, he completed the RDAP drug abuse program. Since being on home detention, he has been gainfully employed and attending marriage counseling. He wisely avoided a potentially dangerous situation by moving out of his house when strife arose with his wife. He appears to no longer be a threat to the community.

The very short remaining time in custody also favors immediate release. Courts are to impose sentences that are "sufficient but not greater than necessary." 18 U.S.C. § 3553(a). Reducing his sentence by 60 days will not alter the deterrent effect or protection of the public that came with his custodial sentence. *See United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) (finding that the immediate release of an at-risk inmate with 30 days remaining on his sentence "will in no way undermine the sentencing objectives espoused in 18 U.S.C. § 3553(b)"). And punishing him for moving out and avoiding a dangerous situation reduces rather than promotes respect for the law. Therefore, the § 3553(a) factors favor immediate release here.

Finally, there are extraordinary and compelling reasons to grant Steffey compassionate release. While he was in prison, his oldest son died from a medical issue. His wife has medical issues that at times hinder her ability to care for their young child. His RDAP counselor,

marriage counselor, and probation officer all support his return to his wife and son.  There is no good reason to deny his request.

I will reduce Steffey's custodial sentence to time served.  He shall serve a term of supervised release of three years as originally imposed. ECF No. 512.  All of the conditions of supervision imposed in the Amended Judgment remain in effect except that Special Condition No. 11 is modified such that Steffey shall contact by telephone (rather than report in person to) the federal probation office in Sacramento, California (916-930-4300) within 72 hours of receipt of this order, to determine whether he should report in person or otherwise.

I THEREFORE ORDER that Steffey's motion **(ECF No. 534) is GRANTED**.  Steffey's custodial sentence is reduced to time served.

I FURTHER ORDER Steffey to immediately send a copy of this order to his contact at the Bureau of Prisons, so the Bureau is aware of this change.

I FURTHER ORDER that Steffey shall serve a term of supervised release of three years as originally imposed. ECF No. 512.  All of the conditions of supervision imposed in the Amended Judgment remain in effect except that Special Condition No. 11 is modified such that Steffey shall contact by telephone (rather than report in person to) the federal probation office in Sacramento, California (916-930-4300) within 72 hours of receipt of this order, to determine whether he should report in person or otherwise.

Dated this 8th day of July, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3